UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TINA WOHLFORTH,
    *Plaintiff*,

v.

AMERICAN CASUALTY CO. OF
READING, PENNSYLVANIA and CNA
INSURANCE,
    *Defendants*.

No. 3:17-cv-01247 (VAB)

**RULING AND ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

On July 25, 2017, American Casualty Company of Reading, Pennsylvania ("Defendant" or "American Casualty Co."), a Pennsylvania corporation with its principal place of business in Illinois, removed this case from the Superior Court for the Judicial District of New London on the basis of diversity jurisdiction. Not. of Removal ¶¶ 6–7, ECF No. 1. On September 15, 2017, American Casualty Co. moved for judgment on the pleadings. Mot. for J. on Pleadings, ("Def.'s Mot."), ECF No. 24.

For the following reasons, American Casualty Co.'s motion for judgment on the pleadings is **GRANTED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **Factual Allegations**

On May 20, 2015, a jury convicted Joseph L. Baribeau of fourth degree sexual assault. Criminal Record, Answer Ex. E, ECF No. 13-5.

        1.     **The Underlying State Court Civil Action**

On July 22, 2015, Ms. Wohlforth filed a civil complaint in Connecticut Superior Court. State Compl., Answer Ex. A, ECF No. 13-1. On September 4, 2015, she filed an amended

complaint, asserting one count of assault and another of negligence. State Am. Compl., Answer Ex. B., ECF No. 13-2.

Ms. Wohlforth alleged that, on January 8, 2014, during a pre-arranged massage therapy appointment, Mr. Baribeau "inappropriately touched [her] in her vaginal area and digitally penetrated [her] in violation of Section 53a-73a of the Connecticut General Statues." *Id.* ¶ 2. As a result of that assault, she allegedly "suffered upset, embarrassment and anguish, which effect of the trauma are likely to be permanent." *Id.* ¶ 3. She alleged that she "has received and will receive mental health therapy for the trauma she suffered." *Id.* ¶ 4.

In the alternative, she alleged that Mr. Baribeau "negligently touched [her] in her vaginal area and [ ] failed to use proper techniques to prevent such intrusion into sensitive private areas." *Id.* at 3. The negligent touching also allegedly caused her "upset, embarrassment and anguish which effects of the trauma are likely to be permanent." *Id.*

That lawsuit resulted in a judgment for Ms. Wohlforth of $195,000.00 through a judgment by stipulation before a jury trial had begun. Compl. ¶ 6, Not. of Removal Ex. A, ECF No. 1-1; *see also Wohlforth v. Baribeau*, Case No. KNL-CV15-6024673-S, available at *http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=-KNLCV156024673S*.

### 2. The American Casualty Co. Insurance Policy

Ms. Wohlforth seeks payment of her $195,000 judgment from American Casualty Co. This insurance company allegedly insured Mr. Baribeau, who was, at all times relevant to her Complaint, an "enrolled member" of insurance policy HPG 0289955556, which American Casualty Co. issued to the American Massage Therapy Association.[1] Compl. ¶¶ 3–4; *see also*

---

[1] At oral argument, American Casualty Co. indicated that, for the purposes of this motion, it would not contest whether Mr. Baribeau was an enrolled member of this policy at the relevant time.

ACCO Policy, Answer Ex. C, ECF No. 13-3. The relevant policy contains the following exclusion:

> We will not defend any **claim** for, or pay any amounts, including claim **expenses**, based on, arising out of, or related to:
>
> . . . any act of sexual intimacy, sexual molestation or sexual assault. We shall provide an **enrolled member** with a defense of such **claim** unless or until such act has been determined to have occurred, by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of our rights under this Policy. Criminal proceedings are not covered under this Policy regardless of the allegations made against an **enrolled member**.

ACCO Policy at 15, 17.

Ms. Wohlforth alleges that American Casualty Co. "agreed to indemnify and defend its insured Joseph Baribeau, Jr. and Body Kneadz Massage and Therapeutic Wellness Center, LLC in claims alleging personal injury as a result of the insured's negligence." Compl. ¶ 4.

### C. Allegations in This Lawsuit

On June 28, 2017, Ms. Wohlforth filed a civil complaint in Connecticut Superior Court, alleging that she obtained a judgment against Body Kneadz, and Joseph Baribeau, Jr., its owner, for $195,000.00. Compl. ¶¶ 1–2, 6. She alleges that Body Kneadz and Mr. Baribeau assigned any claims they had against American Casualty Co. or CNA Insurance to Ms. Wohlforth. *Id.* ¶ 7.

Ms. Wohlforth alleges that American Casualty Co. and CNA Insurance are liable to her, as assignee to the rights of Mr. Baribeau and Body Kneadz for bad faith for (a) failing to assume liability of Mr. Baribeau and Body Kneadz to Ms. Wohlforth, even though they had claimed that they had not intentionally caused injury to her; (b) refusing to defend Mr. Baribeau and Body Kneadz for any claim of negligent personal injury to Ms. Wohlforth; (c) failing to conduct a proper investigation of the claims against Mr. Baribeau and Body Kneadz; and (d) failing to seek

or obtain a declaratory judgment or ruling in a court to relieve their obligation to indemnify or defend Mr. Baribeau and Body Kneadz. *Id.* ¶ 8.

B.  **Procedural History**

On June 28, 2017, Ms. Wohlforth filed a Complaint against American Casualty Co. and CNA Insurance, in the Superior Court for the Judicial District of New London.[2] Compl., Notice of Removal Ex. A, ECF No. 1-1. On July 25, 2017, American Casualty Company of Reading, Pennsylvania, removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. §§ 1332. Notice of Removal, ECF No. 1.

On September 15, 2017, American Casualty Co. filed a motion for judgment on the pleadings, arguing that it is entitled to judgment because its "policy contains a sexual molestation/sexual assault exclusion which bars coverage for Plaintiff's claim." Mot. for J. on Pleadings at 1.

II.  **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, the Court applies the same standard applicable to motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Accordingly, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A court must accept as true all factual

---

[2] In its Notice of Removal, American Casualty Co. explains, "[u]pon information and belief, 'CNA Insurance' is not a legal entity capable of being sued and 'CNA Insurance' does not have a state of incorporation or principal place of business for purposes of this removal petition." Not. of Removal ¶ 8. The Court therefore refers to American Casualty Co. as the Defendant in this case.

allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff has stated a claim upon which relief may be granted, such that it should be entitled to offer evidence to support its claim. *See id.* (citation omitted).

While a court must accept as true the allegations in a complaint, this requirement "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

In determining a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), "the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." 2 Moore's Federal Practice 3D § 12.38 (2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 200) (explaining that a court need not convert a motion to dismiss into a motion for summary judgment when it considers "'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference'," and noting that "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint") (quoting *Int'l Audiotext Network, Inc. v. am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

## III. DISCUSSION

Whether an insurance company has a duty to defend or indemnify a policy holder "depends on whether, in light of the policy language, the complaint in the underlying action alleges conduct for which coverage was provided." *Middlesex Ins. Co. v. Mara*, 699 F. Supp. 2d 439, 449 (D. Conn. 2010) (citing *Imperial Cas. and Indem. Co. v. State*, 246 Conn. 313, 323 (1998)). That question is a question of law, and is determined by comparing the allegations in the underlying complaint with the terms of the insurance policy. *Misiti, LLC v. Travelers Property Cas. Co. of America*, 308 Conn. 146, 154 (2013) ("[W]ith respect to an insurer's duty to defend a claim brought against the insured, '[t]he question of whether an insurer has a duty to defend its insured is purely a question of law, which is to be determined by comparing the allegations of [the] complaint with the terms of the insurance policy.'") (quoting *Wentland v. Am. Equity Ins. Co.*, 267 Conn. 592, 599 n.7 (2004)); *see also Moore v. Continental Cas. Co.*, 252 Conn. 405, 409 (2000) ("[C]onstruction of a contract of insurance presents a question of law for the court which this court reviews de novo.") (internal quotation marks and citation omitted). The Court accords the language of an insurance policy "its ordinary and natural meaning." *Hanson v. Ohio Cas. Ins. Co.*, 239 Conn. 537, 542 (1996).

American Casualty Co. argues that its "policy contains a sexual molestation/sexual assault exclusion which bars coverage for Plaintiff's claim." Mot. to Dismiss at 1. American Casualty Co. therefore argues "that it had no obligation to defend or indemnify" Mr. Baribeau for Ms. Wohlforth's claims. Memo. in Support of Mot. Dismiss at 1 (citing *Wohlforth v. Baribeau*, KNL-CV-15-6024673-S).

Ms. Wohlforth objects, arguing that her "complaint clearly states grounds by which relief can and should be granted, and which are not barred by ACCO's exclusion policy," and that

6

"there exist disputed issues of fact yet to be resolved in this matter." Obj. to Mot. for J. on Pleadings at 1–2, ECF No. 28. She claims that because she "has filed a claim for Negligence against the insured party, Mr. Baribeau based upon his maintained contention that he acted involuntarily, unintentionally and without knowledge that he was injuring the Plaintiff during their appointment." *Id.* at 5. She argues that the "claim for Negligence was therefore a manner by which to fully encompass the culpability of Mr. Baribeau, and not some 'Masquerade' as the Defendant has classified it." *Id.* She contends that "[i]f a court is to construe the language strictly and in the Plaintiff's favor, given the ambiguity into the requirement for willfulness, the claim for negligence would be a valid claim." *Id.* at 6. She therefore argues that American Casualty Company breached its duty to indemnify Mr. Baribeau, and also that it breached its duty to defend him. *Id.* at 5–6.

Finally, Ms. Wohlforth argues that "dismissal of this matter would be premature given that the parties have not had the opportunity to fully present evidence especially where there are facts in dispute." *Id.* at 9. She argues that "there are clearly material facts in dispute with regards to the issue of negligence . . . [and] both the Defendant and Plaintiff, in the instant matter, have disagreed as to the timing in which ACCO informed Mr. Baribeau of their decision to not defend." *Id.* The Court disagrees.

First, Ms. Wohlforth, as Mr. Baribeau's assignee, is not entitled to coverage under American Casualty Co. insurance policy. The underlying Complaint alleged that Mr. Baribeau sexually assaulted Ms. Wohlforth during a massage, and this insurance policy unambiguously excludes coverage for defense or indemnity on a claim of sexual assault or sexual molestation. *See Misiti, LLC*, 308 Conn. at 154 (directing courts in insurance coverage dispute to "compar[e] the allegations of [the] complaint with the terms of the insurance policy"). In Count One, the

7

Complaint alleged that Mr. Baribeau "inappropriately touched [Ms. Wohlforth] in her vaginal area and digitally penetrated [her] in violation of Section 53a-73a of the Connecticut General Statues." State Am. Compl. ¶ 2 (alleging that Mr. Baribeau "inappropriately touched [Ms. Wohlforth] in her vaginal area and digitally penetrated [her] in violation of Section 53a-73a of the Connecticut General Statues"). In comparison, the Insurance Policy excludes coverage for "any act of sexual intimacy, sexual molestation or sexual assault." ACCO Policy at 15, 17. This language is not ambiguous, and Ms. Wohlforth's claim is clearly excluded under this policy language. *See Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co.*, 254 Conn. 387, 401 (2000) (considering a sexual abuse or molestation exclusion and noting "[w]hatever other conduct that broad language may include within its purview, it certainly includes unwanted contact of a sexual nature" and noting "the plaintiff has not identified any case, and we are aware of none, in which a policy exclusion for abuse or molestation has been deemed ambiguous").

Ms. Wohlforth's negligence claim in Count Two of the Amended Complaint does not change this result because, even though Ms. Wohlforth alleges that Mr. Baribeau "negligently touched [her] in her vaginal area and [] failed to use proper techniques to prevent such intrusion into sensitive private areas," State Am. Compl. at 3, the plain language of the insurance policy excludes coverage for "any act of sexual intimacy, sexual molestation or sexual assault." ACCO Policy at 15, 17. Thus, even if Mr. Baribeau did negligently touch Ms. Wohlforth, the insurance company has disclaimed coverage for even this conduct. *See Mara*, 699 F. Supp. 2d at 444 (explaining that the Court "look[s] past the terminology in pleading" to the "facts alleged" to determine whether behavior falls under an exclusion of an insurance policy); *see also Mount Vernon Fire Ins. v. Morris*, No. CV020173643S, 2004 WL 1730133, at *6 (Conn. Super. Ct. July

1, 2004), *aff'd sub nom. Mount Vernon Fire Ins. Co. v. Morris*, 90 Conn. App. 525 (2005) ("Under circumstances where a sexual assault is alleged in a complaint in terms of negligence, the Court has dismissed it as a masquerade of the true claim, recognizing that the gravamen of the action was for sexual assault.").

Ms. Wohlforth, as Mr. Baribeau's assignee, is also not entitled to compensation for Mr. Baribeau's legal expenses because American Casualty Co. did not violate its duty to defend Mr. Baribeau. Mr. Baribeau was convicted on May 20, 2015 of fourth-degree sexual assault after a trial. Criminal Record, Answer Ex. E. Ms. Wohlforth filed her initial civil Complaint in Connecticut Superior Court on July 22, 2015. State Compl., Answer Ex. A. The insurance policy provides:

> V. EXCLUSIONS
>
> We will not defend any **claim** for, or pay any amounts, including claim **expenses**, based on, arising out of, or related to:
>
> P. any act of sexual intimacy, sexual molestation or sexual assault. We shall provide an **enrolled member** with a defense of such **claim** unless or until such act has been determined to have occurred, by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of our rights under this Policy. Criminal proceedings are not covered under this Policy regardless of the allegations made against an **enrolled member**.

ACCO Policy at 15, 17. This policy unambiguously excludes any claim that Mr. Baribeau would make for coverage of his defense against Ms. Wohlforth's lawsuit. Indeed, because Mr. Baribeau had already been convicted of fourth-degree sexual assault by the time Ms. Wohlforth asserted her civil claims against him, the policy language forecloses any entitlement to a defense. *See* ACCO Policy at 17 (providing defense "unless or until such act has been determined to have

occurred"); *see also Moore*, 252 Conn. at 409 (noting, in context of claim for duty to defend under an insurance contract, that contract construction is a question of law for the court).

At oral argument, Ms. Wohlforth suggested that there may have been a duty to defend before the 2015 filing of her lawsuit and, if so, her claim could survive to address any costs during this pre-filing time period. Ms. Wohlforth, however, either at oral argument or elsewhere in any of her filings, has not alleged any plausible facts from which this Court could discern an entitlement to relief under this theory. *See Tombly*, 550 U.S. at 570 (finding, when the plaintiffs had not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

The Court thus finds that the judgment that Ms. Wohlforth obtained against Mr. Baribeau for $195,000, for sexual assault or molestation, is not covered by the American Casualty Co. insurance policy. Ms. Wohlforth, as assignee of Mr. Baribeau, is not entitled to payment from American Casualty Co., and American Casualty Co.'s motion for judgment on the pleadings therefore is granted.

## IV.　CONCLUSION

For the foregoing reasons, American Casualty Co.'s motion for judgment on the pleadings is **GRANTED**.

The Clerk of the Court is directed to close this case.

**SO ORDERED** this 17th day of August, 2018, at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
    Victor A. Bolden
    United States District Judge